## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| CONTEMPORARY DISPLAY, LLC,<br><br>                        Plaintiff<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.<br>and LG ELECTRONICS<br>MOBILECOMM U.S.A., INC.<br><br>                        Defendant | Civil Action No.: 2:18-cv-152<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Contemporary Display, LLC ("Plaintiff" or "Contemporary Display") files this Complaint against LG Electronics U.S.A., Inc. and LG Electronics MobileComm U.S.A., Inc. (collectively "LG" or "Defendants") seeking damages and other relief for patent infringement, and alleges with knowledge to its own acts, and on information and belief as to other matters, as follows:

### PARTIES

1.      Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 5068 West Plano Parkway, Suite 300, Plano, Texas 75093.

2.      Defendant LG Electronics U.S.A., Inc. is a Delaware corporation with a regular and established physical place of business within this judicial district at 2151-2155 Eagle Parkway,

Fort Worth, Texas 76177 in Denton County, Texas.  LG Electronics U.S.A., Inc. is registered for the right to transact business in Texas.

3.     Defendant LG Electronics MobileComm U.S.A., Inc. is a California corporation with a regular and established physical place of business within this judicial district at 2151-2155 Eagle Parkway, Fort Worth, Texas 76177 in Denton County, Texas.  LG Electronics MobileComm U.S.A., Inc. is registered for the right to transact business in Texas.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b).  LG maintains a regular and established physical place of business within this judicial district at 2151-2155 Eagle Parkway, Fort Worth, Texas 76177 in Denton County, Texas.  On information and belief, from and within this District, LG has committed at least a portion of the infringements at issue in this case.

6.     Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.  Without limitation, on information and belief, within this state, Defendants have used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein.  In addition, on information and belief, Defendants have derived revenues from its infringing acts occurring within the Eastern District of Texas.  Further, on information and belief,

Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas and the Eastern District of Texas.  Further, on information and belief, Defendants are subject to the Court's personal jurisdiction at least due to its sale of products and/or services within Texas and the Eastern District of Texas.  Defendants have committed such purposeful acts and/or transactions in Texas such that it reasonably should know and expect that it could be haled into this Court because of such activity.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,445,398)

7.    Plaintiff incorporates the above paragraphs by reference.

8.    On June 24, 1998, United States Patent Application No. 09/103,317 entitled "METHOD AND SYSTEM FOR PROVIDING USER INTERFACE FOR ELECTRONIC PROGRAM GUIDE" was filed with the United States Patent and Trademark Office.

9.    Application No. 09/103,317 is a continuation application of United States Patent Application No. 09/018,541, which was filed on Feb. 24, 1998.

10.    Application No. 09/103,317 issued as U.S. Patent No. 6,445,398 ("the '398 Patent") on Sept. 3, 2002.  A true and correct copy of the '398 Patent is attached hereto as "**Exhibit 1**" and is incorporated herein by reference.

11.    The '398 Patent is presumed valid.

12.    Plaintiff is the sole owner of the '398 Patent.

13.    The '398 Patent describes problems and shortcomings in the field of delivering television programming which is categorized in domains for delivering navigational tools for

providing information about and access to multiple channels or programs.  *See, e.g.,* '398 Patent at col. 1, l. 25 – col. 3, l. 33.

14.     The '398 Patent describes systems and methods that solve a technical problem—how to provide an interface for television program selection that improves the process of selecting and viewing programs in a non-intimidating, pleasant, and entertaining fashion.  *See, e.g.,* '398 Patent at col. 1, l. 25 – col. 3, l. 33.

15.     The technological improvements described and claimed in the '398 Patent were not conventional, well-known, or generic at the time of their respective inventions but involved novel and non-obvious approaches to the problems and shortcomings prevalent in the art at the time.  *See, e.g.,* '398 Patent at col. 1, l. 25 – col. 36, l. 62.

16.     The inventions claimed in the '398 Patent involve more than just the performance of well-understood, routine or conventional activities known to the industry prior to the invention of such novel and non-obvious systems and devices. *See, e.g.,* '398 Patent at col. 1, l. 25 – col. 36, l. 62.

17.     The inventions claimed in the '398 Patent represent technological solutions to technological problems.  The written description of the '398 Patent describes in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the non-conventional and non-generic combination of claim elements differ markedly from and improved upon what may have been considered conventional or generic.  *See, e.g.,* '398 Patent at col. 1, l. 25 – col. 36, l. 62.

18.     As demonstrated by its frequent citation (over 100) by the United Stated Patent Office in other later-issued patents and reexaminations, the '398 Patent represents a fundamental technical improvement in the area of delivering television programming which is categorized in

domains for delivering navigational tools for providing information about and access to multiple channels or programs. *See*, *e.g.*, http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&p=1&u=%2Fnetahtml%2Fsearch-adv.htm&r=0&f=S&l=50&d=PALL&Query=ref/6445398. The patents citing the '398 patent include patents assigned to Starz Encore Group LLC, Sony Corporation, Accenture LLP, Nokia Corporation, Intel Corporation, Samsung Electronics Co., Microsoft Corporation, AT&T, Verizon, Tivo, Inc., Cox Communications, Inc., The DirecTV Group, Hewlett-Packard Development Corporation, Motorola Mobility, Inc., and Disney Enterprises, Inc.

19.     Viewed in light of the specification of the '398 Patent, the claims are ***not directed*** to basic tools of scientific and technological work, nor are they directed to a fundamental economic practice.

20.     The '398 Patent claims are ***not directed*** to the use of an abstract mathematical formula on any general-purpose computer, or a purely conventional computer implementation of a mathematical formula, or generalized steps to be performed on a computer using conventional activity.

21.     The '398 Patent claims are ***not directed*** to a method of organizing human activity or to a fundamental economic practice long prevalent in our system of commerce.

22.     The '398 Patent ***does not*** take a well-known or established business method or process and apply it to a general-purpose computer.

23.     As noted by the United States Patents, foreign patent documents, and other publications cited by the '398 Patent, the '398 Patent ***does not*** preempt the field of its invention or preclude the user of other methods and systems delivering television programming which is

categorized in domains for delivering navigational tools for providing information about and access to multiple channels or programs.

24.    LG imports, uses, offers for sale, and sells LG Smart TVs with webOS in the United States.  Such devices include, but are not limited to, the LG 49UJ6300, the LG 55UJ6200, and the LG 49LJ550M (collectively "Accused Infringing Devices").

25.    The Accused Infringing Devices are non-limiting examples that were identified based on publicly available information, and Plaintiff reserves the right to identify additional infringing activities, products and services, including, for example, on the basis of information obtained during discovery.

26.    The Accused Infringing Devices include a system for presenting television program schedule data on a television display, the schedule data being organized in a data plane comprising a plurality of data cells identifying the schedule data, the system comprising: (a) means for presenting a highlight cell at a fixed coordinate position on the display such that all or part of at least a first data cell of the plurality of data cells is at a concurrent position with the highlight cell; and (b) means for allowing the data plane to scroll on the display in at least one direction, such that the first data cell moves out of concurrent position with the highlight cell and a second data cell or part thereof moves into concurrent position with the highlight cell means for allowing selection of a data cell at a concurrent position with the highlight cell.  *See, e.g.,*

http://www.lg.com/us/support/product-help/CT10000018-20150131494406-others;

http://www.lg.com/us/tv-audio-video/channel-plus; and

https://www.youtube.com/watch?v=BmEhCp0UE1k.

27.    LG has infringed, and continues to infringe, at least one claim of the '398 Patent (e.g. claim 1) in the United States by making, using, offering for sale, selling, and/or importing the

Accused Infringing Devices in violation of 35 U.S.C. § 271(a). *See, e.g.*, Preliminary Claim Chart (**Exhibit 2**).

28.    LG has also infringed, and continues to infringe, at least one claim of the '398 Patent (e.g. claim 1) by actively inducing others to use, offer for sale, and sell the Accused Infringing Devices.  LG's customers who use those devices in accordance with LG's instructions infringe at least one claim of the '398 Patent (e.g. claim 26), in violation of 35 U.S.C. § 271(a). LG intentionally instructs its customers to infringe the '398 Patent through training videos, demonstrations, brochures, installation and user guides, such as those located at:

- http://www.lg.com/us/support/product-help/CT10000018-20150131494406-others;

- http://www.lg.com/us/tv-audio-video/channel-plus.

29.    LG also induces infringement by others by failing to remove or diminish the infringing features of the Accused Infringing Devices.  LG is thereby liable for infringement of the '398 Patent under 35 U.S.C. § 271(b).

30.    LG will have been on notice of the '398 Patent since, at the latest, the service of this complaint upon it.  By the time of trial, LG will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of at least one claim of the '398 Patent (e.g. claim 1).

31.    Plaintiff has been damaged by LG's infringement of the '398 Patent.

## <u>COUNT II</u>

### (INFRINGEMENT OF U.S. PATENT NO. 8,863,219)

32.    Plaintiff incorporates the above paragraphs by reference.

33.    On December 31, 2008, United States Patent Application No. 12/347,801 entitled "ON SCREEN TELEVISION INPUT MANAGEMENT" was filed with the United States Patent and Trademark Office.

34.    Application No. 12/347,801 is a continuation application of United States Patent Application No. 61/018,261, which was filed on December 31, 2007.

35.    Application No. 12/347,801 issued as the U.S. Patent No. 8,863,219 ("the '219 Patent") on October 14, 2014.  A true and correct copy of the '219 Patent is attached hereto as "**Exhibit 3**" and is incorporated herein by reference.

36.    The '219 Patent is presumed valid.

37.    Plaintiff is the sole owner of the '219 Patent.

38.    The '219 Patent describes problems and shortcomings in the field of delivering television programming including providing an on screen display (OSD) system for managing and navigating television system functionality and input source selection.  *See, e.g.,* '219 Patent at col. 1, l. 25 – col. 1, l. 58.

39.    The '219 Patent describes systems and methods that solve a technical problem— how to provide an on screen display (OSD) system for managing and navigating television system functionality and input source selection.  *See, e.g.,* '219 Patent at col. 1, l. 25 – col. 16, l. 17.

40.    The technological improvements and solutions described and claimed in the '219 Patent were not conventional or generic at the time of their respective inventions but involved novel and non-obvious approaches to the problems and shortcomings prevalent in the art at the time.  *See, e.g.,* '219 Patent at col. 1, l. 25 – col. 16, l. 17.

41.    The inventions claimed in the '219 Patent involve more than just the performance of well-understood, routine or conventional activities known to the industry prior to the invention

of such novel and non-obvious systems and devices. *See, e.g.,* '219 Patent at col. 1, l. 25 – col. 16, l. 17.

42.    The inventions claimed in the '219 Patent represent technological solutions to technological problems.  The written description of the '219 Patent describes in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the non-conventional and non-generic combination of claim elements differ markedly from and improved upon what may have been considered conventional or generic.  *See, e.g.,* '219 Patent at col. 1, l. 25 – col. 16, l. 17.

43.    As demonstrated by its frequent citation (8 as of March, 2018) by the United Stated Patent Office in other later-issued patents and reexaminations, the '219 Patent represents a fundamental technical improvement in the area of delivering television programming including providing an on screen display (OSD) system for managing and navigating television system functionality and input source selection. *See*, *e.g.*,

http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&p=1&u=%2Fnetahtml%2Fsearch-adv.htm&r=0&f=S&l=50&d=PALL&Query=ref/8863219.

44.    Viewed in light of the specification of the '219 Patent, the claims are ***not directed*** to basic tools of scientific and technological work, nor are they directed to a fundamental economic practice.

45.    The '219 Patent claims are ***not directed*** to the use of an abstract mathematical formula on any general-purpose computer, or a purely conventional computer implementation of a mathematical formula, or generalized steps to be performed on a computer using conventional activity.

46.     The '219 Patent claims are ***not directed*** to a method of organizing human activity or to a fundamental economic practice long prevalent in our system of commerce.

47.     The '219 Patent ***does not*** take a well-known or established business method or process and apply it to a general-purpose computer.

48.     As noted by the United States Patents, foreign patent documents, and other publications cited by the '219 Patent, the '219 Patent ***does not*** preempt the field of its invention or preclude the user of other systems for delivering television programming including providing an on screen display (OSD) system for managing and navigating television system functionality and input source selection.

49.     LG imports, uses, offers for sale, and sells LG Smart TVs with webOS in the United States.  Such devices include, but are not limited to, the LG 49UJ6300, the LG 55UJ6200, and the LG 49LJ550M (collectively "Accused Infringing Devices").

50.     The Accused Infringing Devices are non-limiting examples that were identified based on publicly available information, and Plaintiff reserves the right to identify additional infringing activities, products and services, including, for example, on the basis of information obtained during discovery.

51.     The Accused Infringing Devices include a system for on-screen managing and navigating television system functionality and input source selection, the system comprising: (a) a processing device configured to execute an on screen display for a television system, the processing device housed in the television system, the processing device configured to control input source selection on the television system; (b) a display device of the television system coupled to the processing device to display a selected source; and (c) a plurality of input sources connected to the television system, each of the plurality of input sources configured to generate an

input signal; wherein the processing device is configured to identify an input source of the plurality of input sources based on the input signal from the input source and display each of the plurality of input sources on the on screen display based on the input signal of each of the plurality of input sources; wherein each of the plurality of input signals is unique to each of the plurality of input sources, and the television system identifies each of the plurality of input signals by analyzing each of the plurality of input signals; wherein the on screen display provides an image of at least one source prior to selection and dynamically identifies and labels the source, wherein the display is a video content of the content of the input source. *See, e.g.,*

> http://www.lg.com/us/experience-tvs/smart-tv-features;
>
> http://www.lg.com/us/support/tvs/connect-devices-guided-setup;
>
> http://www.lg.com/uk/support/solutions/tv/audio-video/connection-tv-pc; and
>
> https://www.youtube.com/watch?v=8EVN15UImw4.

52.    LG has infringed, and continues to infringe, at least one claim of the '219 Patent (e.g. claim 11) in the United States by making, using, offering for sale, selling, and/or importing the Accused Infringing Devices in violation of 35 U.S.C. § 271(a). *See, e.g.*, Preliminary Claim Chart (**Exhibit 4**).

53.    LG has also infringed, and continues to infringe, at least one claim of the '219 Patent (e.g. claim 11) by actively inducing others to use, offer for sale, and sell the Accused Infringing Devices.  LG's customers who use those devices in accordance with LG's instructions infringe at least one claim of the '219 Patent (e.g. claim 11), in violation of 35 U.S.C. § 271(a).  LG intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and user guides, such as those located at:

- http://www.lg.com/us/experience-tvs/smart-tv-features;

- http://www.lg.com/us/support/tvs/connect-devices-guided-setup; and

- http://www.lg.com/uk/support/solutions/tv/audio-video/connection-tv-pc.

LG also induces infringement by others by failing to remove or diminish the infringing features of the Accused Infringing Devices.  LG is thereby liable for infringement of the '219 Patent under 35 U.S.C. § 271(b).

54.     LG will have been on notice of the '219 Patent since, at the latest, the service of this complaint upon it.  By the time of trial, LG will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of at least one claim of the '219 Patent (e.g. claim 11).

55.     Plaintiff has been damaged by LG's infringement of the '219 Patent.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 6,492,997)

56.     Plaintiff incorporates the above paragraphs by reference.

57.     On June 24, 1998, United States Patent Application No. 09/103,315 entitled "METHOD AND SYSTEM FOR PROVIDING SELECTABLE PROGRAMMING IN A MULTI-SCREEN MODE" was filed with the United States Patent and Trademark Office.

58.     Application No. 09/103,315 is a continuation-in-part of application of United States Patent Application No. 09/018,541, which was filed on February 4, 1998.

59.     Application No. 09/103,315 issued as the U.S. Patent No. 6,492,997 ("the '997 Patent") on December 10, 2002.  A true and correct copy of the '997 Patent is attached hereto as "**Exhibit 5**" and is incorporated herein by reference.

60.     The '997 Patent is presumed valid.

61.     Plaintiff is the sole owner of the '997 Patent.

62.    The '997 Patent describes problems and shortcomings in the field of delivering television programming which is categorized in domains for delivering navigational tools for providing information about and access to multiple channels or programs.  *See, e.g.,* '997 Patent at col. 1, l. 26 – col. 3, l. 34.

63.    The '997 Patent describes systems and methods that solve a technical problem—how to provide an interface for television program selection that improves the process of selecting and viewing programs in a non-intimidating, pleasant, and entertaining fashion.  *See, e.g.,* '997 Patent at col. 1, l. 26 – col. 3, l. 34.

64.    The technological improvements described and claimed in the '997 Patent were not conventional or generic at the time of their respective inventions but involved novel and non-obvious approaches to the problems and shortcomings prevalent in the art at the time.  *See, e.g.,* '997 Patent at col. 1, l. 26 – col. 3, l. 34.

65.    The inventions claimed in the '997 Patent involve more than just the performance of well-understood, routine or conventional activities known to the industry prior to the invention of such novel and non-obvious systems and devices. *See, e.g.,* '997 Patent at col. 1, l. 26 – col. 3, l. 34.

66.    The inventions claimed in the '997 Patent represent technological solutions to technological problems.  The written description of the '997 Patent describes in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the non-conventional and non-generic combination of claim elements differ markedly from and improved upon what may have been considered conventional or generic.  *See, e.g.,* '997 Patent at col. 1, l. 26 – col. 40, l. 12.

13

67.    As demonstrated by its frequent citation (over 60) by the United Stated Patent Office in other later-issued patents and reexaminations, the '997 Patent represents a fundamental technical improvement in the area of delivering television programming which is categorized in domains for delivering navigational tools for providing information about and access to multiple channels or programs. *See*, *e.g.*,

http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&u=%2Fnetahtml%2FPTO%2Fsearch-adv.htm&r=0&f=S&l=50&d=PALL&RS=REF%2F6445398&Refine=Refine+Search&Query=ref%2F6492997.

68.    Viewed in light of the specification of the '997 Patent, the claims are ***not directed*** to basic tools of scientific and technological work, nor are they directed to a fundamental economic practice.

69.    The '997 Patent claims are ***not directed*** to the use of an abstract mathematical formula on any general-purpose computer, or a purely conventional computer implementation of a mathematical formula, or generalized steps to be performed on a computer using conventional activity.

70.    The '997 Patent claims are ***not directed*** to a method of organizing human activity or to a fundamental economic practice long prevalent in our system of commerce.

71.    The '997 Patent ***does not*** take a well-known or established business method or process and apply it to a general-purpose computer.

72.    As noted by the United States Patents and other publications cited by the '997 Patent, the '997 Patent ***does not*** preempt the field of its invention or preclude the user of other methods and systems delivering television programming which is categorized in domains for

delivering navigational tools for providing information about and access to multiple channels or programs.

73.     LG imports, uses, offers for sale, and sells LG Smart TVs with webOS in the United States.  Such devices include, but are not limited to, the LG 49UJ6300, the LG 55UJ6200, and the LG 49LJ550M (collectively "Accused Infringing Devices").

74.     The Accused Infringing Devices are non-limiting examples that were identified based on publicly available information, and Plaintiff reserves the right to identify additional infringing activities, products and services, including, for example, on the basis of information obtained during discovery.

75.     The Accused Infringing Devices perform a method for presenting an interactive multi-window video display, the method comprising the steps (a) receiving a multi-window real time video signal representing a multi-window video display corresponding to channels selected by a user in accordance with a category, comprising one or more reduced size video displays, and receiving a cell quantity data value corresponding to the number of reduced size video displays in the multiwindow video signal; (b) generating an overlay grid having a number of cells equal to the cell quantity value; and (c) presenting the multi-window display together with the overlay grid so that the reduced size video displays are visible within the cells allowing selection of one of the plurality of reduced size video displays.  *See, e.g.,*

http://kr.eguide.lgappstv.com/manual/w16/atsc/Contents/livetv/multiview_k_u_b/enga/w
3a__livetv__multiview_k_u_b__enga.html;

https://www.lg.com/us/lgecs.downloadFile.ldwf?DOC_ID=20150205792863&what=MA
NUAL&fromSystem=LG.COM&fileId=nw7HjM9DVJeIhUEs8mx3A&ORIGINAL_NA
ME_b1_a1=MFL69383631_02%2BMFL69383610_02%2BQSGsmartWebOS3.0%2BRS

.pdf; https://youtu.be/yHfFGMHzEX4?t=61enga.html; and

https://youtu.be/yHfFGMHzEX4?t=64.

76.    LG has infringed, and continues to infringe, at least one claim of the '997 Patent (e.g. claims 30, 33-36) in the United States by making, using, offering for sale, selling, and/or importing the Accused Infringing Devices that performs the claimed methods in violation of 35 U.S.C. § 271(a). *See, e.g.*, Preliminary Claim Chart (**Exhibit 6**).

77.    LG has also infringed, and continues to infringe, at least one claim of the '997 Patent (e.g. claim 30) by actively inducing others to use, offer for sale, sell the Accused Infringing Devices and performing the claimed methods using the Accused Infringing Devices.  LG's customers who use those devices in accordance with LG's instructions infringe at least one claim of the '997 Patent (e.g. claim 30), in violation of 35 U.S.C. § 271(a).  LG intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and user guides, such as those located at:

- http://kr.eguide.lgappstv.com/manual/w16/atsc/Contents/livetv/multiview_k_u_b/enga/w3a__livetv__multiview_k_u_b__enga.html;

- https://www.lg.com/us/lgecs.downloadFile.ldwf?DOC_ID=20150205792863&what=MANUAL&fromSystem=LG.COM&fileId=nw7HjM9DVJeIhUEs8mx3A&ORIGINAL_NAME_b1_a1=MFL69383631_02%2BMFL69383610_02%2BQSGsmartWebOS3.0%2BRS.pdf;

- https://youtu.be/yHfFGMHzEX4?t=61enga.html; and

- https://youtu.be/yHfFGMHzEX4?t=64.

LG also induces infringement by others by failing to remove or diminish the infringing features of the Accused Infringing Devices.  LG is thereby liable for infringement of the '997 Patent under 35 U.S.C. § 271(b).

78.    LG will have been on notice of the '997 Patent since, at the latest, the service of this complaint upon it.  By the time of trial, LG will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of at least one claim of the '997 Patent (e.g. claim 30).

79.    Plaintiff has been damaged by LG's infringement of the '997 Patent.

## <u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiff respectfully requests that the Court:

A.    Enter judgment that Defendants have infringed one or more claims of the '398 Patent literally or under the doctrine of equivalents;

B.    Enter judgement that Defendants have induced infringement and continues to induce infringement of one or more claims of the '398 Patent;

C.    Enter judgement that Defendants have contributed to and continues to contribute to infringement of one or more claims of the '398 Patent;

D.    Enter judgment that Defendants have infringed one or more claims of the '219 Patent literally or the doctrine of equivalents;

E.    Enter judgement that Defendants have induced infringement and continues to induce infringement of one or more claims of the '219 Patent;

F.    Enter judgement that Defendants have contributed to and continues to contribute to infringement of one or more claims of the '219 Patent;

G.    Enter judgment that Defendants have infringed one or more claims of the '997

Patent literally or the doctrine of equivalents;

H.      Enter judgement that Defendants have induced infringement and continues to induce infringement of one or more claims of the '997 Patent;

I.      Enter judgement that Defendants have contributed to and continues to contribute to infringement of one or more claims of the '997 Patent;

J.      Award Plaintiff past and future damages, to be paid by Defendants, in an amount no less than a reasonable royalty and adequate to compensate Plaintiff for such past and future damages, together with pre-judgment and post-judgment interest for Defendants' infringement of the '398 Patent, the '219 Patent, and the '997 Patent through the date that such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

K.      Declare this case exceptional pursuant to 35 U.S.C. § 285; and

L.      Award Plaintiff its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

## <u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  April 17, 2018               Respectfully submitted,

                               */s/ David R. Bennett*
                  By:   David R. Bennett
                        (Illinois Bar No. 6244214)
                        (Admitted U.S. Dist. Court for E.D. Texas)
                        **DIRECTION IP LAW**
                        P.O. Box 14184

Chicago, IL 60614-0184
Telephone: (312) 291-1667
e-mail:  dbennett@directionip.com

**ATTORNEYS FOR PLAINTIFF**
**CONTEMPORARY DISPLAY, LLC**